IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN WILLIAM CARTER,
     Plaintiff,

vs.                               Case No.: 3:11cv403/MCR/EMT

CLINTON WELLS KILLINGSWORTH,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a complaint for monetary damages (doc. 1).  Plaintiff paid the filing fee.  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions.  *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).

Upon review of the initial pleading, the court concluded that it was unclear whether a jurisdictional basis existed for this action.  Therefore, the court directed Plaintiff to clarify his allegations in an amended complaint (doc. 3).  Plaintiff has now filed an amended complaint (doc. 6).  Upon review of the amended pleading, the court concludes that Plaintiff still has not established a jurisdictional basis for this action.  Therefore, it should be dismissed.

I.      PLAINTIFF'S ALLEGATIONS

In Plaintiff's initial complaint, he alleged Defendant Killingsworth's pest control company, Environmental Security of Okaloosa, Inc., provided pest control services for his home from 1998 to 2005 (doc. 1 at 3).  Plaintiff alleged he discovered in 2005, after an annual service call, that Defendant's employee failed to inspect or treat the substructure of Plaintiff's home (*id.*).  Plaintiff alleged subsequent inspections revealed severe rot and termite damage to the substructure and walls

(*id.*).  Plaintiff claimed that Defendant violated Chapter 482 of the Florida Statutes (*id.* at 4).  As relief, he sought monetary damages in the amount of $53,065.00, for the cost of repairs, attorney fees, mental anguish, and punitive damages (*id.*).

In the order directing Plaintiff to clarify the jurisdictional basis for this action, the undersigned advised Plaintiff that Rule 8 of the Federal Rules of Civil Procedure provides that the initial pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  The court also advised Plaintiff of the two types of subject-matter jurisdiction in federal court, federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.  The court noted that Plaintiff's allegations did not allege a violation of federal law, or that Plaintiff and Defendant were citizens of different states.  The undersigned also advised Plaintiff that the Rooker-Feldman doctrine appeared to bar any federal claim.[1]  The court took judicial notice of the public docket of the Circuit Court in and for Escambia County, Florida, Case No. 2009 CA 00122.  *See* Fed. R. Evid. 201; *see also, e.g.*, R.E. Loans, LLC v. Eagle Group Brokers, LLC, No. 3:08cv76/MCR/MD, 2009 WL 837662, at *4 n.5 (N.D. Fla. Mar. 30, 2009) (unpublished) (district court may take judicial notice of state court's docket); Fernandez-Morales v. Barron, No. 5:06cv1/MCR/EMT, 2006 WL 680819, at *2 (N.D. Fla. Mar. 13, 2006) (unpublished) (district court took judicial notice of public docket of case in other federal judicial district).  According to the state court docket, Plaintiff sued Defendant (and others) in state court for breach of contract in 2009.  The state court granted summary judgment in favor of the defendants.  The decision was affirmed by the Florida First District Court of Appeal, Case No. 1D10-4259, and the appellate court granted the defendants' motion for attorney fees.  Plaintiff sought review in the Florida Supreme Court, Case No. SC11-1198, but the court dismissed his petition.  The state supreme court struck Plaintiff's motion for rehearing on August 5, 2011.  Plaintiff filed the instant case on August 30, 2011.

---

[1]  The doctrine is named after two cases:  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. E. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311, 75 L. Ed. 206 (1983).

In Plaintiff's amended complaint, he asserts substantially the same factual allegations as his initial complaint (doc. 6). He has replaced his claim of a state law violation with a claim that Defendant violated 15 U.S.C. § 2306 by making service calls to his home without a signed contract (*id.* at 4). Plaintiff still seeks punitive damages and compensatory damages for legal fees, repairs to his home, and mental anguish (*id.* at 3, 4).

II.    ANALYSIS

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a substantial federal claim. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted). While emphasizing that this

insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538.

In the instant case, Plaintiff asserts Defendant violated the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2306. That statute requires that a service contract "fully, clearly, and conspicuously disclose[] its terms and conditions in simple and readily understood language." 15 U.S.C. § 2306(b). The "Remedies" provision of the MMWA provides, in relevant part:

> **(1)** [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief--
>
> > **(A)** in any court of competent jurisdiction in any State or the District of Columbia; or
> >
> > **(B)** in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
>
> . . . .
>
> **(3)** No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection–
>
> > . . . .
> >
> > **(B)** if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; . . . .

15 U.S.C. § 2310(d)(1), (3).

Plaintiff alleges the amount in controversy is $58,800.00, which includes a punitive damages claim of $25,000.00 (doc. 6 at 3). The federal court must look to state law to determine whether punitive damages are available under the MMWA. *See* Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1298 (11th Cir. 1999) (citing MacKenzie v. Chrysler Corporation, 607 F.2d 1162 (5th Cir. 1979)). Under Florida law, damages for breach of contract are generally limited to the pecuniary loss sustained; punitive damages are not recoverable for breach of contract. *See* Stein v. Paradigm Mirasol, LLC, 586 F.3d 849, 856 n.4 (11th Cir. 2009) (citing Ferguson Transp., Inc. v. N. Am. Van Lines, Inc., 687 So. 2d 821, 822 (Fla. 1996)). Therefore, Plaintiff's claim for punitive damages may not be taken into account in determining whether his claim satisfies the amount-in-controversy requirement of 15 U.S.C. § 2310(d). Subtracting the punitive damages claim from Plaintiff's claim, his claim does not satisfy the jurisdictional amount ($58,800.00 - 25,000.00 = $33,800.00). Because

Plaintiff cannot bring a claim under the federal statute upon which he alleges federal jurisdiction, his complaint should be dismissed for failure to state a substantial federal claim.

Additionally, the <u>Rooker-Feldman</u> doctrine bars Plaintiff's claim.  The <u>Rooker-Feldman</u> doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1268 (11th Cir. 2009) (citation omitted).  The Supreme Court has explained that the <u>Rooker-Feldman</u> doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).  The <u>Rooker-Feldman</u> doctrine does not apply to cases in which the plaintiff did not have a reasonable opportunity to raise federal claims in the state court proceedings.  <u>Casale v. Tillman</u>, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).

In the instant case, Plaintiff is a state court loser inviting this federal court to review and reject the state court's resolution of his breach of contract claim against Defendant.  Plaintiff does not dispute that the state court judgment became final before he filed the instant federal lawsuit. Further, the MMWA expressly authorized Plaintiff to raise a MMWA claim in his state court litigation; therefore, he had a reasonable opportunity to raise his federal claim in the state court proceedings.  *See* 15 U.S.C. § 2310(d)(1)(A).  All of the conditions for application of the <u>Rooker-Feldman</u> bar are satisfied.  Therefore, the complaint should alternatively be dismissed on this jurisdictional ground.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this <u>23</u><sup>rd</sup> day of November 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).